UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:12-cr-0123-SEB-DKL-1 |
| | ) | |
| JUSTIN CORBIN, | ) | |
| | ) | |
| Defendant. | ) | |

# Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on November 21, 2012, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on March 5, 2014, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On March 5, 2014, defendant Justin Corbin appeared in person with his appointed counsel, Joe Cleary. The Government appeared by Michelle Brady, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Jason Phillips, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Corbin of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Corbin questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Corbin and his counsel, who informed the court they had reviewed the Petition and that Mr. Corbin understood the violations alleged. Mr. Corbin waived further reading of the Petition.

3. The court advised Mr. Corbin of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Corbin was advised of the rights he would have at a preliminary hearing. Mr. Corbin stated that he wished to waive his right to a preliminary hearing.

4. Mr. Corbin stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Corbin executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Corbin of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Corbin, by counsel, stipulated that he committed Violation Numbers 1, 2 and 3 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state, or local crime."** |
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."**<br><br>On November 15, 2012, Justin Corbin was arrested and charged with Dealing in Cocaine or Narcotic and Possession of Cocaine or Narcotic, both felonies (Marion County case number 49G20-1211-FA-078169). According to the affidavit for probable cause, he was pulled over after abruptly changing lanes in a vehicle he was driving. After conduction a driver's license status check, it was determined his license was suspended. A narcotics detection canine arrived at the scene and alerted to the vehicle and Mr. Corbin. It was later determined he had 13.91 grams of heroin between his buttocks. Narcotics detectives interviewed Mr. Corbin and he told them he had more heroin at his girlfriend's residence. He gave written consent to search her residence where another 12.54 grams of heroin was found, along with a digital scale, razor blade, and marijuana pipe. The offender also had $613 on his person. |
| 3 | **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees of the substance abuse testing and/or treatment."**<br><br>Mr. Corbin failed to report for random drug testing on February 18, May 4, 8, and 13, June 23, July 20, October 25, November 11, and 14, 2012. |

7. The court placed Mr. Corbin under oath and directly inquired of Mr. Corbin whether he admitted violations 1, 2, and 3 of his supervised release set forth above. Mr. Corbin admitted the violations as set forth above.

8. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 1) is a Grade A violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Corbin's criminal history category is 1.

   (c) The range of imprisonment applicable upon revocation of Mr. Corbin's supervised release, therefore, is 12-18 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

   (d) The parties did not agree on appropriate disposition.

9. The parties presented evidence regarding appropriate disposition of the case.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, JUSTIN CORBIN, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of eighteen (18) months, to be served concurrently with the sentence issued under his State case (Marion County case number 49G20-1211-FA-078169), with no supervised release to follow.

Counsel for the parties and Mr. Corbin stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge=s Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. ' 636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Corbin entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. ' 3561

*et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge=s Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Corbins' supervised release, imposing a sentence of imprisonment of eighteen (18) months in the custody of the Attorney General or his designee with no supervised release to follow.

IT IS SO RECOMMENDED.

Date: 03/05/2014

_____
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal

5